Dear Sheriff Riser:
This office is in receipt of your request for an opinion of the Attorney General in regard to use of inmate labor. You indicate the military base in Webster Parish was recently inactivated as part of Department of Defense base closures, and the facilities within the base area are available for lease to commercial enterprises. Your office has been contacted and asked whether you would be interested in a contractual arrangement utilizing inmate labor and parish supplied tools and equipment for the maintenance of grounds, and construction and repair of nine miles of perimeter fencing. At this time you note that you have 200 inmates in a minimum security corrections facility and would like to engage as many as possible in meaningful work and the compensation would cover cost of guards, transportation and equipment. Inasmuch as a grounds maintenance contract of sizable scope would have ease of supervision, you feel it would be beneficial to your office and the inmates. You ask the legality of utilizing inmate labor for the proposed contract. We understand this to be a private project and not a public one.
We find no authority for you to enter into a contract with a private sector facility for use of inmate labor under your jurisdiction for grounds maintenance of the leased property and construction and repair of fencing around the property.
In accordance with R.S. 48:261 arrangements can be made by the Department of Transportation with the sheriff of each parish for the use of labor of its prisoners to perform maintenance functions on the highways in the state system or any of the department's facilities located in the parishes when the department is unable to attract applicants or due to financial consideration is unable to employ sufficient labor to perform its maintenance functions.
Similarly, in R.S. 15:708 parish prisoners who are willing may participate in a work release program to perform manual labor on public works such as roads, public buildings, cemeteries, solid waste programs administered by a state or political subdivision, and grass maintenance. This prison labor is in no way to reduce the work force of any highway maintenance gang or cause the layoff of any classified employee.
Also, pursuant to R.S. 15:711 inmate labor may be utilized by the sheriff of each parish wherein they are authorized to establish and administer a work release program. This is obviously distinct from the proposed contract with the private sector to utilize prison labor on a private project.
The Prison Enterprises statutory provisions, R.S. 15:1151 et seq, are relative to the Department of Corrections and not Parish authorities. The Department may participate in private sector/prison industry enhancement programs. It is designed to have inmates produce food and necessary items used by inmates to lower the costs to the department, to provide products and services to public agencies at lower costs, and provide work opportunities for inmates by the Department entering into cooperative endeavors.
We find no similar provision for sheriffs to enter into the contracts for private sector employment of inmates.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR